Francis X. Conlon, J.
The first cause of action is insufficient. Plaintiff does not offer to return the stock issued to him in the corporation. Indeed, paragraph thirty-fourth alleges that the value of the shares of stock “ owned by plaintiff” has been greatly impaired. Plaintiff may not claim that the relationship between the parties is one of joint venture and, at the same time, claim to be a stockholder of the corporation which took over the joint venture. In view of plaintiff’s failure to seek rescission of his acceptance of the corporate stock and of the stockholders ’ agreement signed by him, the relationship between the parties must be deemed to be that of stockholders of the corporation rather than one of joint venture. “ A joint venture may not be carried on by individuals through a corporate form” (Weisman v. Awnair Corp., 3 N Y 2d 444, 449).
The second couse of action is likewise insufficient. There is no allegation as to the identity of the corporate directors other than Muller or as to how many directors there are. There is, it is true, an allegation that Muller and Kravette at one time were directors, but it does not appear that Kravette is still a director or that there are at most three directors. In the circumstances, the allegations of the complaint fail to show that demand on the board of directors to institute an action would be futile. The allegation that such demand would be futile is a conclusion, without allegations of ultimate facts to support it.
The third and fourth causes of action are insufficient as to Muller and Kravette. They state causes of action only as to the corporate defendant.
*209 The motion is accordingly granted. Plaintiff may serve an amended complaint within 10 days from the service of a copy of this order with notice of entry.